IRVINE C. WEARY, APPELLANT, V. EDWARD WESTERING, APPELLEE.

FILED FEBRUARY 27, 1923.   No. 22248.

1. **Appeal:** CONFLICTING EVIDENCE. In this action to recover damages for breach of contract of sale, defendant counterclaimed for plaintiff's breach of the same contract. The evidence was conflicting as to which party was in default and it was within the province of the jury to find that neither party was entitled to recover.

2. **Evidence** examined, and found sufficient to sustain the verdict.

APPEAL from the district court for Thayer county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Richards & Richards,* for appellant.

*Cosgrave, Campbell & Ankeny,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and GOOD, JJ., RAPER, District Judge.

RAPER, District Judge.

The plaintiff, Irvine C. Weary, brought action against the defendant, Edward Westering, claiming damage for breach of written contract for the sale of plaintiff's stock of general merchandise in Hubbell. The defendant counterclaimed for damages on an allegation that plaintiff had breached the contract. Each claimed $1,000 as liquidated damages under a provision of the contract which fixed that sum as damages for nonfulfilment of the contract. The jury found against the plaintiff on the petition and against the defendant on the cross-petition. Plaintiff appeals.

The contract provided for an exchange of plaintiff's stock of merchandise for land belonging to defendant in Colorado; the stock of merchandise to be free from incumbrance, and the land be subject to a mortgage of $6,000, the merchandise to be invoiced, and the land value was agreed at $23,000. The contract further provided that defendant agreed to take a second mortgage on the land in the sum of $4,000 "in lieu of some of the obligations now standing against the party of the second

part (plaintiff), but not to exceed $5,000." A further clause provides: "Party of the second part agrees to pay all wholesale and other accounts immediately that said stock may be charged with or held for. Satisfactory to party of the first part (defendant)." An invoice was taken, but when the settlement was attempted trouble began, principally over the construction and effect of the two provisions above quoted. The defendant claimed that plaintiff owed an amount in excess of the $5,000 which defendant had agreed, as he contended, to advance on plaintiff's debts if that much were needed, and defendant further claims that plaintiff did not pay the wholesale bills and never would furnish a correct list of such debts, and he refused to proceed with the deal until plaintiff gave him satisfactory assurance that he could and would pay them, because, as he testified, he did not want to pay plaintiff for the goods and then have creditors take the stock under the bulk sales law. The plaintiff insisted that he was willing and able to pay all his debts, amounting, as he testified, to between $5,900 and $6,000, and that he so assured defendant. It is somewhat difficult to get from the plaintiff's testimony just what he expected of the defendant in regard to the giving of the mortgage of $5,000, but it is undisputed that he did not pay the claims, and never gave a list of his creditors to the defendant. There is a large amount of testimony, much of it contradictory.

The court gave an instruction that plaintiff cannot recover unless he paid or was ready, willing and able to pay all wholesale and other accounts, immediately after the signing of the contract, that the stock of merchandise was charged with or held for, the same being satisfactory to defendant. This is alleged as error. The instruction might have been framed more accurately to comport with the proof; but, inasmuch as both parties testified that their negotiations for completing the contract were carried on for some time, and that a further instruction told the jury that if plaintiff

was willing and able to carry out the contract and defendant refused, plaintiff could recover, it can hardly be said the jury were misled. By another instruction the jury were told that one of the questions for them to decide was "which party to the agreement entered into between the plaintiff and the defendant breached it." The instructions as a whole fairly submitted the issues as to the breaching of the contract. After the jury had been deliberating for some time, they came into court and inquired if they could be permitted to offset one claim with another. The court then instructed the jury, over the objections of plaintiff, that they could not offset one claim against another, but that the jury might find under the instructions already given that neither the plaintiff nor the defendant would be entitled to recover. This is also claimed as error. We do not so view it. There is ample testimony to support the verdict against plaintiff, and as to the finding against defendant of course plaintiff is not objecting.

The rule of damages submitted by the court to the jury is vigorously assailed; but, inasmuch as the jury found there was no damage, it is useless to discuss ways and means of measuring nothing.

On consideration of the whole evidence and the instructions, we feel that the jury's verdict is right, and that there is no prejudicial error in the record. Judgment

AFFIRMED.